UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:14-cr-0128-JDL |
| | ) | |
| ANTHONY THEA | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its counsel, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Benjamin M. Block, Assistant United States Attorney, respectfully submits the following memorandum in aid of sentencing in this matter.

The Defendant is scheduled to be sentenced on May 11, 2015. The Defendant has pleaded guilty to receipt/distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). For the reasons stated below, the government respectfully submits that a sentence of 84 months imprisonment followed by 5 years of supervised release is appropriate in this case.

**FACTUAL BACKGROUND**

On August 25, 2014, Special Agent Martin Conley of Homeland Security Investigations ("HSI") was conducting an undercover investigation into the distribution of child pornography via the internet through the use of peer-to-peer file-sharing networks. While online using the file-sharing software Ares, SA Conley identified a computer that was configured to share files on Ares and was sharing files suspected to contain child pornography. SA Conley downloaded five files containing child pornography from the target computer. This computer was later identified as belonging to the Defendant.

On October 9, 2014, HSI Special Agent Christopher Fitzpatrick and other law enforcement

agents executed a search warrant at an apartment where the Defendant occasionally stayed. Among other items, SA Fitzpatrick seized an HP laptop computer belonging to the Defendant. The Defendant was not present during the execution of the warrant but was interviewed later that day. During the interview, the Defendant stated that he was the owner of the HP laptop computer seized by the government and that he utilized the Ares peer-to-peer file sharing program. The Defendant admitted that he utilized Ares to download images of child pornography. The Defendant also admitted to using his cellular telephone to create sexually explicit video recordings of minors in public restrooms and that those videos were saved in the "My Videos" folder on his computer.

    HSI Special Agent Douglas McDonnell subsequently conducted a forensic examination of the HP laptop computer. SA McDonnell found numerous digital images depicting children engaged in sexually explicit conduct on the hard drive of the Defendant's computer. Among the child pornography images found on the computer were the images that had been sent from the Defendant's computer to SA Conley on August 25, 2014, via peer-to-peer software over the internet. The forensic analysis of the HP laptop identified 2,680 still images and 903 videos depicting child pornography, all of which were stored on the laptop's 500 GB Hitachi hard drive.

    Information regarding the images and videos recovered from the Defendant's computer was submitted to the National Center for Missing and Exploited Children ("NCMEC") to determine whether any known victims could be identified. NCMEC prepared a report identifying known victims in 1,194 images and 58 videos. These images and videos contain depictions of minors, including prepubescent minors, engaged in sexually explicit conduct involving anal sex, fellatio, urination, bondage, and bestiality.

The forensic review also showed that, in or about June 2011, the Defendant began videotaping images of juvenile boys, without the knowledge or consent of the victims, as they used the restrooms at local schools and at businesses both within and outside of the District of Maine. Forensic review identified approximately 80 videos saved in the "My Videos" folder on the Defendant's computer, taken between June 14, 2011 and May 30, 2013, some of which which depict minors' genitalia as they used public restrooms.

## CONTEXT FOR SENTENCING

After *United States v. Booker*, 543 U.S. 220 (2005), the First Circuit has encouraged sentencing courts to follow a "specifically delineated roadmap" when sentencing under the advisory sentencing guidelines:

> [A] sentencing court ordinarily should begin by calculating the applicable guideline sentencing range; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and, finally, determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate.

*United States v. Davila-Gonzalez*, 595 F.3d 42, 46 (1st Cir. 2010) (quoting *United States v. Pelletier*, 469 F.3d 194, 203 (1st Cir. 2006)). The statutory factors to be considered include "the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide deterrence, respect for the law and just punishment, and the need 'to avoid unwarranted sentence disparities.'" *United States v. Zapata*, 589 F.3d 475, 486 (1st Cir. 2009).

**GOVERNMENT'S POSITION**

**I.   The Defendant's Advisory Guidelines Are Properly Calculated**

The PSR calculates the Defendant's offense level in the following manner:

| | | |
|---|---|---|
| Base offense level | 22 | § 2G2.2(a)(2) |
| Images of prepubescent minors | +2 | § 2G2.2(b)(2) |
| Distribution through peer-to-peer network | +2 | § 2G2.2(b)(3)(F) |
| Depictions of sadistic or masochistic conduct | +4 | § 2G2.2(b)(4) |
| Use of a computer | +2 | § 2G2.2(b)(6) |
| More than 600 images | +5 | § 2G2.2(b)(7)(D) |
| Acceptance of responsibility | -3 | § 3E1.1(a), (b) |

**Total Offense Level        34**

The government has no objection to the calculation of the advisory guidelines range. Absent a guideline departure, in Criminal History Category I the Defendant's advisory guidelines range is 151-188 months.

**II.   A Variant Sentence of 84 Months Imprisonment Is Appropriate Here**

The government recommends a sentence of 84 months imprisonment. The government submits that this sentence, which is a 45% downward variance from the bottom of the advisory guidelines range, is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### A. The Government's Recommended Sentence Reflects the Totality of the Defendant's Conduct

The government submits that while the Defendant's conduct merits a significant term of imprisonment, a sentence within the advisory guidelines range of 151-188 months is greater than necessary to fulfill the statutory purposes of sentencing. The government submits that its recommended sentence more accurately takes into account the particular facts and circumstances of this case.

Congress has determined 5 years imprisonment to be the appropriate minimum sentence for any violation of 18 U.S.C. § 2252A(a)(1). This term reflects a judgment by Congress that the type of conduct committed by the Defendant merits significant punishment. The question in this case is whether the Defendant's conduct warrants additional punishment beyond the statutory minimum term. The government submits that aspects of the Defendant's conduct do merit additional punishment.

*First*, the Defendant actively attempted to and did create images of minor victims utilizing his cellular phone, without the knowledge or consent of the victims. Some of the children captured on camera by the Defendant appear to be as young as 10 years old. *Second*, the images possessed by the Defendant that he obtained through the Internet include depictions of pre-pubescent boys. Some of these photos depicted the boys engaging in oral sex and other sexual activity. *Third*, the Defendant possessed a total of over 2,680 still images and 903 videos on his computer. This is a substantial collection of child pornography. These facts, taken together, warrant a sentence above the mandatory minimum.

Using the structure of the sentencing guidelines, the government proposes applying these aggravating factors in the following fashion. In the guidelines sentencing table, the lowest offense level that includes the congressionally mandated minimum sentence of 60 months in Criminal History Category I is level 24:

| | | | | | | |
|---|---|---|---|---|---|---|
| 24 | 51-63 | 57-71 | 63-78 | 77-96 | 92-115 | 100-125 |
| 25 | 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |
| 26 | 63-78 | 70-87 | 78-97 | 92-115 | 110-137 | 120-150 |
| 27 | 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |
| 28 | 78-97 | 87-108 | 97-121 | 110-137 | 130-162 | 140-175 |
| 29 | 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |

The government submits that from this starting point the Court should increase the Defendant's offense level by a total of 4 levels, resulting in an offense level of 28. At Criminal History Category I, the resulting advisory guidelines range is 78-97 months. The government recommends a sentence near but not at the low end of this range.

### B. The Government's Recommended Sentence Fulfills the Statutory Purposes of Sentencing

The government submits that a sentence of 84 months is also appropriate under 18 U.S.C. § 3553(a). In addition to the nature and circumstances of the offense, discussed above, the other statutory factors also support the imposition of a sentence above the statutory minimum but below the advisory guidelines range.

With respect to the Defendant's history and characteristics, the Defendant is now 20 years old. He was only 16 when he began taking images of classmates and other juveniles in June 2011. The Defendant is significantly younger than many of the individuals prosecuted for child pornography offenses in this district. He is also physically slight and appears to be rather immature

6

for his age; when arrested for the offenses to which he pled guilty, he asked the agents whether his arrest would adversely affect his ability to pursue a career in law enforcement. Moreover, in light of the Defendant's youth, the possession of images of teenage boys is less indicative of pedophilia than it might be for an older defendant. Obviously his possession of images of pre-pubescent boys remains a significant concern. Taken together, these characteristics, and the resulting difficulty that the Defendant will likely have in the prison environment, argue for a below-guideline sentence.

Also significant is the fact that the Defendant admitted his guilt and provided truthful information to the police immediately after he was confronted with his criminal conduct. The Defendant immediately agreed to speak with investigators and admitted that he had downloaded child pornography from the internet. He stated that he had not distributed or traded any of the images he created using his cellular phone, an assertion that was not contradicted by the government's investigation. These facts also support a below-guideline sentence.

The Court also must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008), "There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." *Id.* at 957. The government submits that its recommended sentence is a just punishment that reflects the offense's seriousness and promotes

7

respect for the law.

The Court also must consider the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). With respect to the former, a significant sentence is necessary to send the message that individuals who transport and possess child pornography will be severely punished. With respect to the latter, the Defendant's youth makes it difficult to assess whether future criminal conduct is likely, but the nature of the offense itself does present some risk of recidivism.

The Court must also consider the need for the sentence imposed to provide the Defendant with needed training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). The government's recommended sentence will provide the Defendant with the opportunity to obtain needed mental health and other treatment, as recommended in the PSR.

Finally, the Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court concluded that when a sentencing judge correctly calculates and carefully reviews the Guidelines range, he or she necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. *See id.* at 54. In this case, the government submits that to the extent its request for a below-guidelines sentence results in any sentence disparities, they are disparities warranted by the particular facts of this case.

## CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of 84 months imprisonment followed by 5 years of supervised release.

                                                   Respectfully submitted,

                                                   THOMAS E. DELAHANTY II
                                                 UNITED STATES ATTORNEY

                              By:    /s/ Benjamin M. Block
                                        Benjamin M. Block
                                        Assistant United States Attorney

Dated: May 5, 2015

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2015, I electronically filed the above **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**David Beneman, Federal Defender.
david.beneman@fd.org**

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ Benjamin M. Block
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov